**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:13-CV-00947-TBR**

JOE SHULTZ                                                                                              Plaintiff

v.

CLAYTON SMITH                                                                                    Defendants
DIAMOND SEAL, INC.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Clayton Smith and Diamond Seal, Inc.'s Motion to Stay. (Docket No. 40.) Plaintiff Joe Shultz has filed a Response in Opposition to Defendants' Motion to Stay. (Docket No. 41.) Defendants then filed a Motion to Supplement Request for Stay. (Docket No. 43.) Plaintiff filed a Response to Defendants' Motion, (Docket No. 45), and this Court granted Defendants' Motion to Supplement Request for Stay as to Clayton Smith, but denied the Motion as to Diamond Seal, Inc., (Docket No. 55). As developed more fully below, Defendants' Motion to Stay is GRANTED as to Clayton Smith and is DENIED as to Diamond Seal, Inc.

"A petition filed for bankruptcy operates as a stay and is applicable to the continuation of a judicial proceeding against the debtor." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) (citing 11 U.S.C. § 362(a)(1)). Furthermore, "[t]he court in which the judicial proceeding is pending . . . has jurisdiction to decide whether the proceeding is subject to the stay." *Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012) (citing *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir. 1986)). A court may only extend a stay "to nonbankrupt co-defendants . . . in *unusual circumstances*." *Parry*, 236 F.3d at 314 (emphasis added) (quoting *In re Eagle–Picher Indus., Inc.*, 963 F.2d 855, 861 (6th Cir. 1992)) (internal quotation marks omitted). According to Sixth Circuit precedent, "absent unusual circumstances the stay does not extend . . . to separate legal entities such as

1

corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation." *Id.* (citing *Patton v. Bearden,* 8 F.3d 343, 349 (6th Cir. 1993)).

In this case, Defendant Clayton Smith filed under Chapter 13 for bankruptcy on February 16, 2015. (Docket No. 40 at 1). Therefore, a stay is appropriate as to Mr. Smith. However, Mr. Smith's Co-Defendant, Diamond Seal, Inc., has not filed for bankruptcy. (Docket Nos. 40 at 1; 43 at 1.) As a nonbankrupt party, Diamond Seal, Inc. has failed to demonstrate that "unusual circumstances" require the extension of the automatic stay beyond Mr. Smith. (*See* Docket Nos. 40 at 1; 43 at 1-2.) Diamond Seal, Inc. provides no legal authority to extend the stay other than its conclusory statement: "There is definitely an overlap involving Clayton Smith and Diamond Seal and the allegations of the Complaint. It is inconceivable of any realistic means to segregate liability of Clayton Smith and Diamond Seal and for either this court or the trier of fact to make a proper adjudication." (Docket No. 43 at 1.) Therefore, Diamond Seal, Inc.'s request for a stay must be denied.

IT IS HEREBY ORDERED that Defendants' Motion to Stay is GRANTED as to Clayton Smith and is DENIED as to Diamond Seal, Inc.

cc: Plaintiff's Counsel AND

Clayton Smith
6105 Cedar Lane NW
Canton, OH 44708

Diamond Seal, Inc.
c/o Statutory Service of Process
1521 Concord Pike #303
Wilmington, DE 19803

David Mucklow, Esq.
919 E. Turkeyfoot Lake Road
Suite B
Akron, OH 44312